IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**JULIUS NIGEL FREDERICKS,**

        **Petitioner,**

v.                                                        **Criminal Action No. 2:02cr150**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION and ORDER**

On May 19, 2006, Julius Nigel Fredericks ("the petitioner") filed "Defendant's Motion to Review Sentence And, As An Independent Action" pursuant to Federal Rule of Civil Procedure 60(b). The petitioner claims that the court should review his sentence for the following reasons: (1) a grave miscarriage of justice will occur if his sentence is not reviewed; (2) he is "actually innocent" of the drug amounts attributed to him pursuant to United States v. Booker, 125 S. Ct. 738 (2005); (3) his counsel and the government fraudulently manipulated his federal sentencing guideline range; and (4) his counsel never discussed with him the possibility of appealing his sentence. After reviewing the briefs submitted by the parties, the court finds that it lacks jurisdiction over the petitioner's motion, as it is in reality a successive request for relief pursuant to 28 U.S.C. § 2255. Accordingly, the instant motion is **DISMISSED**.

I. Background

On October 10, 2002, the petitioner entered a plea of guilty to Counts One and Three of an indictment returned by a federal grand jury. Count One charged the petitioner with conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846.

Count Three charged the defendant with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956.

The plea agreement entered into by the petitioner contained a waiver of the right to appeal "any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in [the] plea agreement." (Plea Agreement at 3-4, ¶ 3.) During the guilty plea colloquy, the court questioned the petitioner as to whether he understood this waiver provision and was freely entering into it. The petitioner stated that he did understand the waiver and that he agreed not to appeal any lawful sentence. (Plea Proceedings Tr. Oct. 10, 2002 at 20.) The plea agreement did not contain a provision whereby the petitioner waived his rights to seek collateral relief.

On February 27, 2003, the court sentenced the petitioner to a term of imprisonment of 250 months, to be followed by a term of supervised release of five (5) years. During the sentencing hearing, the court expressly reminded the petitioner that he had waived his right to appeal, but further advised him that if he felt his waiver was unenforceable, he could present this issue to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal within ten (10) days of the entry of judgment. (Tr. of Sentencing Proceedings, Feb. 27, 2003 at 36.) The court warned the petitioner that he could lose his right to appeal if he did not file a notice of appeal on time. Id. The court also advised the petitioner that he had the right to be assisted by an attorney on appeal and that one would be appointed for him if he could not afford to hire one on his own. Id.

On May 21, 2003, the petitioner filed a Notice of Appeal to the United States Court of

Appeals for the Fourth Circuit. In that Notice, the petitioner claimed that his trial counsel, Timothy V. Anderson, did not timely file a notice of appeal. The petitioner further claimed that Mr. Anderson informed him that he could not appeal his sentence or conviction. The petitioner alleged that his appeal was not timely filed due to Mr. Anderson's failure to advise him to appeal and to preserve his right to do so.

In an order filed with this court on August 22, 2003, the Fourth Circuit dismissed the petitioner's appeal for lack of jurisdiction. From the face of the order, it appears that the petitioner had argued that the appeal period should have been tolled because the district court failed to advise him of his right to appeal. The Fourth Circuit dismissed the appeal as untimely filed; however, the court noted that the dismissal was without prejudice to the petitioner's right to file a section 2255 motion raising the claim of lack of appropriate notice.

On March 2, 2004, this court entered an order that granted the government's motion under Federal Rule of Criminal Procedure 35(b). As a result of this order, the defendant's sentence was reduced to 156 months. On August 9, 2004, the petitioner filed a petition pursuant to section 2255 in which he made the following claims: 1) that he was denied effective assistance of counsel when his attorney failed to file a notice of appeal after the petitioner requested that he do so; (2) that he was denied effective assistance of counsel when his attorney failed to object to certain enhancements during sentencing and failed to argue for an applicable guideline reduction; and (3) that the Probation Office manipulated the federal sentencing guidelines for the benefit of the government, thus depriving the petitioner of a more favorable sentencing. On December 29, 2004, after having the government respond, this court dismissed the petition as untimely under the AEDPA. The petitioner appealed this court's order, and on May 20, 2005, the Fourth Circuit dismissed his appeal. The petitioner then filed a motion for rehearing, which the Fourth Circuit

3

denied on August 3, 2005.

On May 19, 2006, the petitioner filed the instant "Motion to Review Sentence and, As An Independent Action". On May 22, 2006, the government responded arguing that the petitioner's motion was in reality a successive section 2255 petition. On June 7, 2006, the petitioner filed his reply, which did not contain an original signature. On June 21, 2006, the petitioner filed another copy of his reply that included his signature.

## II. Discussion

As stated above, the petitioner's motion asks this court to review his sentence for the following reasons: (1) a grave miscarriage of justice will occur if his sentence is not reviewed; (2) he is "actually innocent" of the drug amounts attributed to him pursuant to United States v. Booker, 125 S. Ct. 738 (2005); (3) his counsel and the government fraudulently manipulated his federal sentencing guideline range; and (4) his counsel never discussed with him the possibility of appealing his sentence. The petitioner claims that he is not filing a successive section 2255 petition, but instead is filing an "'independent action" under the authority of Rule 60(b) . . . and Beggerly v. United States, 524 U.S. 38 (1998)(discussing the purpose of a Rule 60(b) motion)." (Pet. at 1.) However, the government contends that the petitioner's motion should be dismissed because it is actually a successive section 2255 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 28 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals. 28 U.S.C. § 2255. Section

2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence, fraud, etc. See Fed. R. Civ. P. 60(b). The Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 206 (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). The Fourth Circuit, in Winestock, further instructed that not all Rule 60(b) motions are to be treated as successive applications, rather the treatment of the motion depends on the nature of the claims presented. See id. at 207. "A [Rule 60(b)] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. Additionally, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id.

In this case, even though the petitioner claims that he is challenging the integrity of the

habeas corpus proceeding, in reality he is simply attempting to use Rule 60(b) to bring a successive section 2255 petition. In the instant petition, the petitioner makes the same arguments that he made in his prior section 2255 petition which the court dismissed as time-barred. Although the petitioner now construes his argument concerning the drug weights attributed to him as "fraud upon the Court", he is essentially making the same objection to the calculation of his drug weights that he made in his first section 2255 petition. Furthermore, by claiming that pursuant to Booker he is "actually innocent" of the drug weights attributed to him, he is attempting to couch his argument in an actual innocence claim.

In addition, the court notes that, with regard to the petitioner's reliance on Booker, even if the petitioner's motion was not successive, his claim would be subject to summary dismissal because Booker is not retroactive on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005); see also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). Thus, the petitioner's reliance on Booker is misplaced.

Clearly, the instant motion seeks the type of relief appropriate to a petition for collateral review, rather than the type of relief for which a Rule 60(b) motion may be considered. See Winestock, 340 F.3d at 207. The petitioner identifies no defect in the collateral review process of his initial section 2255 motion. The instant motion is not one where "claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)" are

presented. See id.  As the claims in the instant motion attack the petitioner's conviction or sentence, with no claims cognizable under Rule 60(b), the court construes this petition as a "successive collateral review application in [Rule] 60(b)'s clothing."  Id. (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002)); see also 28 U.S.C. § 2244(a).

In the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider a successive collateral review application.  See id. at 205.  Accordingly, the petitioner's "Motion to Review Sentence And, As An Independent Action" pursuant to Federal Rule of Civil Procedure 60(b) is **DISMISSED**.

The court advises the petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 27, 2006